UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK VEGEL, et al.

       Plaintiffs,

Case No.: 02-CV-73720-DT
HONORABLE DENISE PAGE HOOD

v.

DETROIT ENTERTAINMENT, L.L.C.,
et al.

       Defendants.

_____/

## ORDER DENYING DEFENDANT FOSTER FINISH'S MOTION FOR SUMMARY JUDGMENT

### I. BACKGROUND

This matter is before the Court on Defendant Foster Finish's Motion for Summary Judgment, filed on April 11, 2007. Plaintiff filed a Response and Brief in Opposition to Defendant Foster Finish's Motion for Summary Judgment, filed on May 4, 2007. A hearing on this matter was held on June 6, 2007. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

### II STATEMENT OF FACTS

Plaintiffs, Frank and Maria Vegel, were seated at a table in a booth in a restaurant on the premises of Defendant Detroit Entertainment L.L.C., doing business as Motor City Casino, on or about September 18, 2000. (Second Am. Compl. ¶¶ 11-12). As Plaintiff Frank Vegel exited the booth, he placed his hand on top of the table, which tipped over, struck Plaintiff Frank Vegel and then landed on him. *Id*. ¶ 13. Plaintiffs allege the fall caused severe and debilitating personal

1

injuries to Plaintiff Frank Vegel. *Id*.

Plaintiffs filed the Complaint on September 17, 2002, against Defendant Detroit Entertainment L.L.C. ("Detroit Entertainment"). On October 28, 2002, Defendant Detroit Entertainment filed an Answer and on June 10, 2003, Defendant Detroit Entertainment filed a Notice of Non-Party Fault naming Inn-Decor, Lang & Associates, Proco Wood Products ("Proco Wood") and Foster Finish. Plaintiffs filed the First Amended Complaint on September 16, 2003, adding Defendants Inn Decor, Lang & Associates, Proco Wood and Foster Finish. Proco Wood and Detroit Entertainment filed notices of Non-Party Fault naming Dougal Design Associates, Inc. ("Dougal Design") and FBK Associates, Inc. ("FBK") on April 19, 2005 and April 27, 2005, respectively.  Plaintiffs filed the Second Amended Complaint on November 2, 2005, adding Defendants FBK and Dougall Design.

## III.  APPLICABLE LAW & ANALYSIS

### A.  Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th

Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### B. Defendant's Motion for Summary Judgment

Defendant Foster Finish argues that summary judgment is appropriate because there is no genuine issue of material fact that Defendant Foster Finish, as a manufacturer pursuant to the "open and obvious" danger doctrine, cannot be held liable on either a failure to warn or design defect theory if the product in question is a "simple tool," and the alleged danger was readily apparent. Defendant claims that it is indisputable that a table is a "simple tool," and that "the ordinary person of average intelligence does know that if you push down on the edge of a round, pedestal table, it can tip over." (Def. Motion for Summary Judgment, ¶ 7). Foster Finish also claims that Plaintiff's Breach of Warranty Claims are unsubstantiated, and no supporting

3

evidence has yet to be offered by the Plaintiff.

Plaintiff counters that summary judgment is inappropriate for several reasons. First, Plaintiff claims that the table cannot correctly be characterized as a simple tool. Next, they claim that the Defendants are in fact liable for their role in their installation and assembly of the tables. Lastly, they claim that there are several critical facts that have a material bearing on the claims which are still in dispute, and that they have presented enough evidence to satisfy the burden for surviving a Summary Judgment Motion for each of their three claims. For example, Foster Finish's Motion For Summary Judgment denies Foster Finish designed and/or manufactured the table in question, but admits that they may have installed the table, while Plaintiff claims that Foster Finish was the General Contractor on the build-out of the Classics Buffet and that they assembled the table tops to the table bases. Plaintiff further alleges that the installation was such that the table tops were not centered on the table bases, or were otherwise improperly assembled and installed.

There are questions as to how the accident occurred, as well as many other critical factual determinations that lie at the heart of each of the three claims. There is a dispute concerning whether Plaintiff pushed off the table with one, or both of his hands immediately prior to the table tipping. Next, there is a dispute as to whether the force applied to cause the table to fall was 30 or 45 pounds, or 200 hundred pounds like the Plaintiffs allege. (Plaintiff's Brief in Support of Summary Judgment, P. 13).

Whether the danger of the table tipping can be properly characterized as latent is in dispute. Plaintiff's have a introduced sufficient evidence, by way of the expert deposition testimony of Arthur A. Huckelbridge, Jr. (Exhibits "D" and "D-1" of Plaintiff's Reply Brief in

Opposition to the Motion for Summary Judgment), concerning the technical question of how to characterize the danger of the table tipping, creating a factual dispute necessitating the denial of the motion for summary judgment on all three claims. The expert witness deposition supports the proposition that the table may have been negligently designed, which then may create a breach of warranty and thus necessitating a duty to warn. The expert witness deposition testimony is sufficient evidence to meet the burden for all three of the claims and makes granting summary judgment inappropriate for any of the claims.

Summary judgment is appropriate only where the moving party establishes that there is no genuine issue of material fact for trial. Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304. For the aforementioned reasons, summary judgment cannot be granted as there are still material factual disputes that must be resolved concerning each of the three claims.

### IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Foster Finish's Motion for Summary Judgment [**Docket No. 154, filed on April 11, 2007**] is DENIED.

Dated: October 12, 2007

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager