UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK VEGEL, et al.

       Plaintiffs,

                                            Case No.: 02-CV-73720-DT
                                            HONORABLE DENISE PAGE HOOD

v.

DETROIT ENTERTAINMENT, L.L.C.,
et al.
       Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

This matter is before the Court on Defendant Dougall Design Associates, Inc.'s Motion for Summary Judgment, filed on January 15, 2007. Plaintiff filed a Response and Brief in Opposition to Defendant Dougall Design Associates, Inc.'s Motion for Summary Judgment, filed on February 20, 2007. A hearing on this matter was held on February 28, 2007. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

**II    STATEMENT OF FACTS**

Plaintiffs, Frank and Maria Vegel, were seated at a table in a booth in a restaurant on the premises of Defendant Detroit Entertainment L.L.C., doing business as Motor City Casino, on or about September 18, 2000. (Second Am. Compl. ¶¶ 11-12). As Plaintiff Frank Vegel exited the booth, he placed his hand on top of the table, which tipped over, struck Plaintiff Frank Vegel and then landed on him. *Id*. ¶ 13. Plaintiffs allege the fall caused severe and debilitating personal

1

injuries to Plaintiff Frank Vegel. *Id*.

Plaintiffs filed the Complaint on September 17, 2002, against Defendant Detroit Entertainment L.L.C. ("Detroit Entertainment"). On October 28, 2002, Defendant Detroit Entertainment filed an Answer and on June 10, 2003, Defendant Detroit Entertainment filed a Notice of Non-Party Fault naming Inn-Decor, Lang & Associates, Proco Wood Products ("Proco Wood") and Foster Finish. Plaintiffs filed the First Amended Complaint on September 16, 2003, adding Defendants Inn Decor, Lang & Associates, Proco Wood and Foster Finish. Proco Wood and Detroit Entertainment filed notices of Non-Party Fault naming Dougal Design Associates, Inc. ("Dougal Design") and FBK Associates, Inc. ("FBK") on April 19, 2005 and April 27, 2005, respectively. Plaintiffs filed the Second Amended Complaint on November 2, 2005, adding Defendants FBK and Dougall Design.

## III. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th

Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

      **B.    Defendant's Motion for Summary Judgment**

           **I.    The Applicable Statute of Limitations**

On August 1, 2003 the Plaintiffs filed a motion for leave to file an amended complaint to add the four entities named in Detroit Entertainment's Notice of Non-Party Fault. On September 16, 2003, Magistrate Judge Thomas A. Carlson entered a Stipulated Order Granting Plaintiff's Motion for Leave to File Amended Complaint. *See*, Docket Entry #25. On April 19, 2005, Defendant Proco Wood Products filed a Notice of Non-Party Fault naming FBK and Dougall Design as entities potentially at fault.

Defendant Dougall properly states that Michigan has a three-year statute of limitations for

personal injury claims. Bradley v. Macomb County, 370 F. Supp. 2d 607 (E.D.Mich. 2005) (citing MCL § 600.5805(10)). Plaintiff argues, however, that the present action is governed by MCL 600.5839, which applies to actions against architects and contractors for injuries arising out of improvements to real property. *See* Oswald v. Warren Regency, G.P., L.L.C., 474 Mich. 36; 709 N.W.2d 589 (2006). MCL § 600.5839 provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real prperty, nor any action for contribution or indemnity for damages sustained as a result of such injury, against and state licensed architect of professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement...

Section 5839 is limited to injuries "arising out of the defective and unsafe condition of an improvement to real property." § 600.5839(1). Section 5839 does not define "improvements to real property," however, the parties agree that the following interpretation controls:

> An improvement is a "permanent addition to or betterment of real property that enhances capital value and that involves the expenditure of labor or money and is designed to make property more useful or valuable *as distinguished from ordinary repairs*." *Pendzu*, *supra* at 410. The test for an improvement is not whether the modification can be removed without damage to the land, but whether it adds to the value of the realty for the purposes for which it was intended to be used. *Id.* at 410-11. In addition, the nature of the improvement and the permanence of the improvement should be considered. *Id.* at 411. Furthermore, if a component of an improvement is an integral part of the improvement to which it belongs, then the component constitutes an improvement to real property. *Id.* [*Travelers Ins. Co. v. Guardian Alarm Co. of Michigan*, 231 Mich. App. 473, 478; 586 N.W.2d 760 (1980)(emphasis added)].

*Forester v. Allstate Insurance Co.*, 2005 Mich. App. LEXIS 1781, *3 (July 26, 2005) (emphasis in original).

Defendant Dougall argues that the present case is similar to *Forester* and that the work it

contributed is akin to "ordinary repairs." *Forester* involved contractors that were retained to rehabilitate a home following extensive water damage due to an overflowing toilet tank. The court held that "the contractors' services did not constitute improvements within the meaning of MCL 600.5839, but rather, were merely ordinary repairs. ServPro provided 'emergency drying and contents storage' services and water damage remediation." 2005 Mich. App. LEXIS, at *6. In *Forester*, as well as in the other cases cited by Defendant, the court grappled with whether the services were betterments of real property, as distinguished from ordinary repairs. (Def.'s Br. Addressing Pl.'s Oral Arg. at 6). In the instant case, as pointed out by Plaintiffs, the work done by Defendant Dougall in constructing a new restaurant cannot be construed as a repair and is distinguishable from *Forester*, as well as the other cases cited by Defendant in demonstrating what is not an "improvement to real property." (*See Id.*; *See* Pl.'s Reply to Def.'s Br. Addressing Pl.'s Oral Arg. at 5).

The issue before this Court is whether the work done by Defendant Dougall "adds to the value of the realty for the purposes for which it was intended to be used" and is therefore an "improvement to real property". *Pendzsu v. Beazer East Inc.*, 219 Mich.App. 405, 410-11 (1996). Plaintiffs argue that providing tables in the restaurant area of the Detroit Entertainment Center was intended to make the property more useful and enhance its value. (Pl.'s Reply to Def.'s Br. Addressing Pl.'s Oral Arg. at 5). Plaintiffs point to *Travelers Insurance*, where the court held that "if a component of an improvement is an integral part of the improvement to which it belongs, then the component constitutes an improvement to real property." 231 Mich. App. at 479. Plaintiffs argue that this holding "puts to rest any argument based upon the assertion that the mobile nature of the table exempts it from being classified as improvements to

5

the property." (Pl.'s Reply to Def.'s Br. Addressing Pl.'s Oral Arg. at 6). Plaintiffs assert that the table that caused Plaintiff Frank Vegel's injury was an integral part of the booths at which Plaintiffs sat and the booths, which were permanently affixed to the floor and walls of the real property, would serve no purpose without the table. *Id.*

Defendant argues that this case involves a free-standing table that was never meant to become a part of the real property and Plaintiffs have not produced evidence demonstrating that it was intended to be secured to a wall or the floor. (Def.'s Br. Addressing Pl.'s Oral Arg. at 7). Defendant asserts that "common sense dictates that it [a free-standing table] is not an improvement to real property'." *Id.* Defendant points to the factors delineated in *Adair v. Koppers Co., Inc.*, which are also analyzed in *Pendzsu*. The factors analyzed in *Adair* are: (1) whether the modification adds value to the property for purposes of its intended use; (2) the nature of the improvement; (3) the relationship of the improvement to the land and its occupants; and (4) its permanence. 219 Mich.App. at 114. Regarding the first factor, Defendant Dougall asserts that there was no modification to real property because the table was never "installed" on the premises. Defendant further asserts that because Plaintiffs allege that the table was not properly centered on the base, their issue is with the structure of the product and not any relationship the table has to the premises. Regarding the second factor, Defendant Dougall argues that the "nature of the improvement" is the assembly of a table which falls in the "ordinary repair" category and was not an "integral component" of the restaurant, as the restaurant could have functioned just as well with another table. (citing *Dominguez v. Lanham Mach. Co.*, 122 F.Supp. 2d 853, 856 (W.D. Mich. 2000). Addressing the third factor, Defendant Dougall argues that since the table was meant to be free standing, it functioned independent of

6

the land. Addressing the fourth factor, Defendant Dougall asserts that the table was never meant to become a permanent feature of the restaurant and was a *de minimus* item of personal property.

The Court finds *Travelers Insurance* and *Pendzsu* instructive. In *Pendzsu*, the court analyzed the *Adair* factors and found that coke ovens installed at a Ford Rouge Plant were improvements to real property. The court in *Pendzsu*, quoting *Adair*, reasoned that,

> [t]he issue is whether a component of a system which is definitely an improvement to real property is an improvement to real property itself. However, to artificially extract each component from an improvement to real property and view it in isolation would be an unrealistic and impractical method of determining what is an improvement to real property. Frequently, as in this case, an improvement to real property is going to consist of a complex system of components.

219 Mich.App. at 412 (quoting 219 Mich.App. at 115). The court further found that the fact that the brick installed will eventually wear out is not dispositive, as the permanency of a component is merely one factor. *Id.* Similarly, in *Travelers Insurance*, the court held that "a new circuit panel box and transformer were integral components of an electrical system that was essential to the operation of the facility. . . the trial court correctly determined that the new circuit panel box and transformer constituted improvements to real property for the purposes of the state of repose." 231 Mich. App. at 479.

The Court finds that the six year statute of limitations does not apply to the present circumstances. While the table is a component of the booths at Defendant Detroit Entertainment's premises and is similar to the "improvements to real property" found in *Travelers Insurance* and *Pendzsu*, in that they all involve components of improvements to real property, the table is free-standing and not a permanent fixture. *See Travelers Insurance Co.*, 231 Mich. App. at 479 (holding that "if a component of an improvement is an integral part of the

7

improvement to which it belongs, then the component constitutes an improvement to real property."); *see also Pendzsu*, 219 Mich.App. at 412 (quoting *Adair*, 219 Mich.App. at 115) (holding that, "[f]requently, as in this case, an improvement to real property is going to consist of a complex system of components."). Although the permanence factor is not dispositive, because the table at issue is not the type of improvement to real property that consists of a complex system of components, this factor is not as minimized, as noted in *Pendzsu*. 219 Mich.App. at 412 (quoting *Adair*, 219 Mich.App. at 115). The table in the instant case is extraordinarily more temporary than the coke oven in *Pendzsu* and the circuit box and transformer in *Travelers Insurance*. The Court finds that while the table at issue adds value to the premises of Defendant Detroit Entertainment, because of its lack of permanence and the simple, as opposed to complex, system of components that include the table and built-in seating, it is not the kind of "improvement to real property" anticipated by the statute. Viewing all the factors together, in this instance, the lack of permanence outweighs the other *Adair* factors.

Plaintiffs have failed to show that the six-year statute of limitations, contained in M.C.L. §§ 600.5805 and 600.5839, would govern Plaintiffs claims against Defendant Dougall. Although Plaintiff Frank Vegel was injured on or about September 18, 2000 and filed the Second Amended Complaint, naming Defendant Dougall, on November 2, 2005, which is less than six years following Plaintiff's injuries, for the reasons stated above, the statute does not apply.

## II. The Relation Back Doctrine Applies to Plaintiff's Second Amended Complaint

Defendant Dougall argues that summary judgment is appropriate as: (1) the three year statute of limitations has run; (2) Michigan's three year statute of limitation is not extended by a

8

notice of nonparty fault filed after the statue of limitations has expired; and (3) the notices of nonparty fault naming Defendant Dougall were not timely filed or filed according to Michigan law.

### 1. Relation Back

Defendant Dougall argues that summary judgment must be granted as the statue of limitations has expired. Plaintiffs argue that the amended pleading naming Defendant Dougall relates back to the date the original Complaint was filed. Under Michigan law, the statute of limitations for a personal injury claim is three years from the date of the death or injury. M.C.L. § 600.5805. Federal Rule of Civil Procedure 15(c) governs the relation back of amendments of a pleading. Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
>> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>>
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>>
>> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

Defendant Dougall asserts that Plaintiffs added Defendant Dougall more than five years after the date of the injury, and Plaintiffs' claims against it should be dismissed. Plaintiff Frank

9

Vegel was injured on or about September 18, 2000. (Sec. Amend. Compl. ¶ 11). Defendant Dougall was not added as a defendant until November 2, 2005, well over three years from the date of Plaintiffs' injury. Defendant Dougall cites *Cox v. Treadway*, which held that substituting a named defendant for a previously unnamed, "John Doe," defendant is considered to be a change in parties, rather than a substitution of parties, for purposes of Rule 15(c). 75 F.3d 230, 240 (6th Cir. 1996). The Sixth Circuit has held that new parties may not be added after the statute of limitations has run and such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)(B). *Id.*

Plaintiffs claim that the Second Amended Complaint relates back to the filing date of the original Complaint because it meets the requirements of Rule 15(c)(2) and (3). Plaintiffs assert that subsection (2) is satisfied since the claims asserted in the Second Amended Complaint arise out of the alleged improper maintenance, installation and design of the restaurant and fixtures located on the premises of Defendant Detroit Entertainment. Plaintiffs contend that service upon Defendant Dougall was perfected within 120 days of the filing of the Second Amended Complaint.

Regarding prejudice to Defendant Dougall, Plaintiffs argue that Defendant Dougall is not prejudiced in maintaining its defense. Plaintiffs assert that Defendant Dougall, along with Defendant Foster Finish, have been aware of Plaintiffs' claims since at least December 12, 2005. Plaintiffs assert that Defendant Foster Finish is in a joint venture with Defendant Dougall and was present at the depositions of witnesses in the instant case.

Plaintiffs further assert that Defendant Dougall knew or should have known it was a proper party to this action since it is one of three parties in a joint venture agreement with

10

Defendants Proco Wood and Foster Finish to construct the restaurant on the premises of Detroit Entertainment. Plaintiffs argue that Defendant Dougall, through its interlocking business ventures with Defendants Proco Wood and Foster Finish, must be charged with imputed and/or constructive knowledge of the instant action and their potential liability." ((Pl.'s Mem. In Opp. at 4) (citing *Berndt v. State of Tennessee and Lakeshore Mental Health Institute*, 796 F.2d 879 (6th Cir. 1986)).

*Cox v. Treadway* does not solve the relation back inquiry, as the court held that, "[t]herefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the original complaint." 75 F.3d 230, 240. Plaintiffs accordingly may still attempt to prove that the Second Amended Complaint falls within the requirements of 15(c). Plaintiffs rely on *Berndt* to support the proposition that notice may be imputed and constructive knowledge of the lawsuit is sufficient notice. Notice may be imputed to a new defendant, however, Plaintiffs have not demonstrated that under these circumstances, it is proper to impute notice to Defendant Dougall. 796 F.2d at 884. The situations where courts have found constructive or imputed notice are not akin to the present circumstances. *See generally*, *Berndt*, 796 F.2d at 884; *see Seber v. Daniels Transfer Co.*, 618 F.Supp. 1311, 1314 (W.D. Pa. 1985) (finding company officers to have constructive notice through suit against the company); *see Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980) (holding notice imputed to new defendants through attorney representing original defendants). A vaguely proven "joint venture" relationship between parties does not meet the standard of constructive notice. Plaintiffs have failed to meet the requirements of Rule 15(c) and relation back is not appropriate.

### 2. Notice of Nonparty Fault

Plaintiffs argue that even if the statute of limitations precludes the addition of parties, the filing of the Notices of Nonparty Fault extended the statute of limitations. Michigan law provides:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection *is not barred by a period of limitations unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action*.

M.C.L. § 600.2957(2) (emphasis added).

Plaintiffs argue that MCR 2.112(K) is not a mandate directed at them since the statute provides, "*[a] party against whom a claim is asserted* may give notice of a claim that a nonparty is wholly or partially at fault." (Pl.'s Resp. at 6, citing MCR 2.112(K)(1) (emphasis added). Plaintiffs contend that they should not be prejudiced by Defendants Proco Wood and Detroit Entertainment's noncompliance with the statutory requirements. To support this argument, Plaintiffs argue that the court in *United House of Prayer For All People v. United Building Contractors, Inc.*, 2006 U.S. Dist. LEXIS 14267 (E.D. Mich. February 23, 2006) (Cohn, J) held that "time limits for filing pleadings and notice of nonparty fault can be extended by a court in the interest of justice, provided such does not result in unfair prejudice to the opposing party." (Pl's Resp. at 6).

The court in *United House of Prayer* held that courts have equitable power to grant extensions to time restraints delineated in court rules, such as the power found in M.C.R. 2.112(K)(3)(c), which gives the court power to allow a late filing of a notice of non-party fault upon a showing that the facts upon which the notice are based could not have been discovered by

the moving party with reasonable diligence and "provided that the late filing of the notice does not result in unfair prejudice to the opposing party." M.C.R. 2.112(K)(3)(c); 2006 U.S. Dist. LEXIS, at *14-15. Relying on the fact that the movant of the notice of non-party fault provided sufficient reasons as to why the non-party's potential liability had not previously been discovered, and the fact that all Michigan statues and court rules were followed, the court held that the addition of the non-party to the case did not violate the statute of limitations. *United House of Prayer For All People*, 2006 U.S. Dist. LEXIS, at *15-16.

Defendant Dougall asserts that the Michigan Court of Appeals decision in *Staff v. Johnson*, 242 Mich.App. 521 (2000), disallows the use of a notice of nonparty fault to extend the statute of limitations to add new parties. The *Staff* court held:

> Plaintiff argues that M.C.L. § 600.2957(2); MSA 27A.2957(2) governs this factual situation and the addition of defendants is timely because the original complaint was filed within the statutory period. However, plaintiff fails to cite any authority for his conclusion that the statute prevails over the court rule. To determine whether there is a real conflict between a statute and a court rule, both are read according to their plain meaning. When resolving a conflict between a statute and a court rule, the court rule prevails if it governs practice and procedure. . . . Michigan law has long held that the statute of limitations is regarded as procedural, not substantive. Furthermore, the notice rules govern time frames for the filing of notice and are likewise procedural. Accordingly, if a court rule and a statute conflict regarding a matter of practice and procedure, the court rule prevails.
>
>       *         *         *
>
> Because plaintiff failed to comply with the notice requirements and the litigation against defendants was commenced after the statutory two-year period, we reverse the trial court's order denying defendants' motion for summary disposition.

*Staff*, 242 Mich.App. at 530-31. The *Staff* court further held that a stipulation of the notice requirements, which are a matter of law, is not binding on a court. *Id.* at 529.

Defendant Dougall further argues that even if the filing of a nonparty fault extends the

statute of limitations, the filing of the Notice of Nonparty Fault, in this case, was not timely.

Michigan law provides:

> (3) *Notice*.
>
> (a) *A party against whom a claim is asserted* may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty.
>
> (b) The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault.
>
> (c) *The notice must be filed within 91 days after the party files its first responsive pleading*. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.

MCR 2.112(K)(3).

In accordance with *Staff*, as between M.C.R. 2112(K)(3)(c) (a court rule) and M.C.L. § 600.2957 (a statute), M.C.R. 2112(K)(3)(c) is controlling. Given the holdings and analyses in *Staff* and *United House of Prayer*, the central issue before the Court is whether there was compliance with the notice requirements of M.C.R. 2112(K)(3)(c). Plaintiffs argued at oral argument on May 16, 2006 that because the Court granted leave to file the amended complaint, there was an implicit conclusion that the prior notices were in compliance with Michigan law. (*See* Pl.'s Reply to Def.'s Br. Addressing Pl.'s Oral Argument at 7-8).

Plaintiffs provide no support for the assertion that leave to file an amended complaint is an implicit finding that a prior notice of non-party fault was in compliance with Michigan law. Neither Notice of Non-party Fault was preceded by a motion to allow the late filing of a notice of nonparty fault or a showing "that the facts on which the notice is based were not and could not

14

with reasonable diligence have been known to the moving party earlier." MCR 2.112(K)(3). Since the notice requirements of M.C.R. 2112(K)(3)(c) were not complied with, the statute of limitations is not extended by virtue of the filing of the notices of non-party fault.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Dougall Design's Motion for Summary Judgment [**Docket No. 143, filed on January 15, 2007**] is GRANTED.

                                  s/ DENISE PAGE HOOD
                                  DENISE PAGE HOOD

Dated: November 20, 2007            United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2007, by electronic and/or ordinary mail.

                                  S/William F. Lewis
                                  Case Manager